**ORI, INC., Plaintiff,**

v.

**Yusuf LANEWALA, Defendant.**

**No. 99–2402–JWL.**

United States District Court,
D. Kansas.

June 7, 2001.

Bruce D. Mayfield, Mayfield Law Office, Overland Park, KS, for Plaintiff.

Kristopher C. Kuckelman, Lowe, Farmer, Bacon & Roe, Olathe, KS, for Defendant.

## MEMORANDUM AND ORDER

LUNGSTRUM, District judge.

In this diversity action, ORI, Inc. ("ORI"), a Delaware corporation with its principal office in Overland Park, Kansas, brings suit against Mr. Yusuf Lanewala, a resident of India and the former Chief Executive Officer of ORI's Indian subsidiary, Mafatlal Consultancy Services, Inc. ("MCS"), challenging Mr. Lanewala's actions following his resignation from employment with MCS. ORI alleges that after leaving MCS, Mr. Lanewala hired or attempted to hire ORI employees, thereby making Mr. Lanewala liable for (1) breaching a protective covenant provision in his employment contract with ORI, (2) tortiously interfering with the contracts entered into by such solicited employees and ORI, (3) tortiously interfering with ORI's prospective economic advantage to be gained by the solicited employees' work for ORI's clients, and (4) tortiously interfering with ORI's business relations. ORI further alleges that Mr. Lanewala failed to return certain company property upon his resignation, thereby making him liable for conversion of such property. Mr. Lanewala denies ever having entered into an employment contract with ORI, and contends that, in any event, ORI has presented no evidence demonstrating that Mr. Lanewala ever solicited ORI employees. Mr. Lanewala further contends that ORI's conversion claim is barred under the doctrine of res judicata by a suit between the parties litigated in the courts of India.

The parties have filed a number of motions which are currently pending before the court. First, Mr. Lanewala has filed a motion to dismiss for lack of jurisdiction (Doc. 157). Second, both parties have moved for summary judgment (Docs. 161 & 167). Third, Mr. Lanewala has filed two motions requesting leave to file additional evidence to support his summary judgment motion (Docs. 163 & 164). Fourth, Mr. Lanewala has filed two motions requesting leave to add a forum non conveniens argument to his summary judgment motion (Docs. 170 & 171). Finally, Mr. Lanewala has filed two motions for leave to amend the Pretrial Order (Docs. 187 and 188).

As discussed in detail below, the court denies Mr. Lanewala's motion to dismiss for lack of jurisdiction, grants Mr. Lanewala's motions for leave to file additional evidence in support of summary judgement, denies Mr. Lanewala's motions for leave to add a forum non conveniens argument to his motion for summary judgement, enters summary judgment in favor of Mr. Lanewala and against ORI, and denies Mr. Lanewala's motions for leave to amend the Pretrial Order.

## I. Background[1]

ORI is an information technology consulting firm incorporated in Delaware and

---

1. The court's task of setting forth the uncontroverted facts in this case is complicated by the parties' failure to set forth statements of truly uncontroverted facts at the start of their motions. For example, Mr. Lanewala does not set forth numbered statements of fact at the start of his motion for summary judgment, choosing instead to set out a section entitled "Brief Factual Background" and citing to additional facts and evidence in support of those facts throughout the argument section. And while ORI does set out numbered statements of facts at the start of its summary judgment motion, those statements have their own flaws. ORI continuously makes the misleading assertion that the facts are uncontroverted because Mr. Lanewala did not file a timely response to ORI's March 6, 2000, Request for Admissions. As explained in Magistrate Judge Waxse's December 27, 2000, Order (Doc. 140), however, Mr. Lanewala did not respond to ORI's Request for Admissions because he did not receive or become aware of the discovery request. Magistrate Judge

having its principal place of business in Kansas. Through a number of subsidiary corporations, it provides computer software programming services around the globe. ORI's wholly-owned Indian subsidiary is MCS. Mr. Lanewala was the President and Chief Executive Officer of MCS until his resignation from the company on June 11, 1999.

Following his resignation, Mr. Lanewala contacted the Director of MCS, Mr. Padmanabhan, and requested that MCS pay him "outstanding dues," such as past salary and retirement benefits. Rather than remit payment to Mr. Lanewala, ORI filed this suit in Kansas state court on June 22, 1999. ORI asserted that, pursuant to an employment contract which Mr. Lanewala had entered into with ORI, Mr. Lanewala was prohibited from inducing ORI employees to leave their employment with ORI. ORI claimed that Mr. Lanewala had breached the protective covenant provision of the contract by soliciting numerous ORI employees to leave employment with ORI. After removing the case to federal court, Mr. Lanewala responded that he had never entered into an employment contract

with ORI, and, in any event, had never solicited ORI employees. Mr. Lanewala then filed suit in the High Court of Judicature at Bombay, India, seeking an order forcing MCS to pay the dues allegedly owed to him. Mr. Lanewala also asked the Indian court to enjoin MCS from repossessing company property in Mr. Lanewala's possession (such as a company car, rental residence, and computer) until such time that MCS paid the dues allegedly owed. On November 17, 1999, the Indian court entered an order requiring the parties to simultaneously exchange the dues owed by MCS and the MCS property in the possession of Mr. Lanewala. Nonetheless, ORI filed an amended complaint in this action on January 18, 2000, adding a claim of conversion for the company property which Mr. Lanewala had previously retained.

## II. Mr. Lanewala's Motion to Dismiss for Lack of Jurisdiction[2]

■ The first motion before the court is Mr. Lanewala's motion to dismiss for lack of personal jurisdiction (Doc. 157).[3] Mr. Lanewala asserts that if the court has

---

Waxse thus ordered ORI to retransmit the discovery request within seven days of the December 27, 2000 Order. ORI again served its Request for Admissions on January 4, 2001 (Doc. 142). Thereafter, Mr. Lanewala filed a timely response on January 31, 2001 (Doc. 148). In his response to ORI's Request for Admissions, Mr. Lanewala denies most of the "uncontroverted" facts asserted by ORI in its summary judgment motion.

While Mr. Lanewala's pleading mistake may be excused in part by the fact that he is a pro se litigant proceeding without an attorney, ORI's actions are not as readily excusable. In any event, the court has waded through the admissible evidence attached to the parties' motions and from this evidence has determined the following facts to be uncontroverted.

**2.** Mr. Lanewala is proceeding in this action pro se. Accordingly, the court construes his

pleadings liberally and holds them to a less stringent standard than pleadings drafted by lawyers. *See Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir.1991).

**3.** Mr. Lanewala's motion states generally that the court lacks "jurisdiction." While Mr. Lanewala has not specifically stated that he is contesting the court's personal jurisdiction, as opposed to the court's subject matter jurisdiction, the substance of his motion leads to this conclusion. The motion does not dispute the diverse domicile of the parties (ORI being domiciled in Kansas and Delaware, and Mr. Lanewala being domiciled in India) nor the amount in controversy (an amount exceeding $75,000) alleged in ORI's complaint. Subject matter jurisdiction thus being clear, see 28 U.S.C. § 1332(a), the court will treat Mr. Lanewala's motion to dismiss as one contesting personal jurisdiction.

jurisdiction, such jurisdiction would only arise from the alleged employment contract between Mr. Lanewala and ORI. Mr. Lanewala denies that such a contract exists. He argues that because ORI has presented no evidence that a genuine employment contract exists, ORI has presented no evidence that the court has personal jurisdiction. Without reaching the merits of Mr. Lanewala's argument, however, the court finds that Mr. Lanewala has previously waived the defense of lack of personal jurisdiction, requiring the court to deny the instant motion.

 "A defect in the district court's jurisdiction over a party is a personal defense which may be asserted or waived by a party." *Federal Deposit Ins. Corp. v. Oaklawn Apts.*, 959 F.2d 170, 174–75 (10th Cir.1992) (quoting *Williams v. Life Sav. & Loan,* 802 F.2d 1200, 1202 (10th Cir.1986)). Objections to personal jurisdiction must be asserted in the defendant's answer or in a pre-answer motion. *See id.* (citing Fed. R.Civ.P. 12(b)). If a party fails to assert the defense of lack of personal jurisdiction in his answer or pre-answer motion, he waives the defense. *See id* (citing Fed. R.Civ.P. 12(h)(1)).

 Here, it is undisputed that Mr. Lanewala did not file a pre-answer motion and that he did not raise the defense of lack of personal jurisdiction in his answer

(Doc. 4). The Federal Rules of Civil Procedure are sufficiently clear to put a party on unmistakable notice that the failure to raise the defense of lack of personal jurisdiction in an answer or pre-answer motion constitutes a waiver of the right to later present such a defense. Moreover, even if Mr. Lanewala had asserted his jurisdictional defense in his answer or a pre-answer motion, he would have subsequently waived the defense by seeking affirmative relief from the court in the form of counterclaims and motions for summary judgment that did not raise the defense. *See Hunger United States Special Hydraulics Cylinders Corp. v. Hardie–Tynes Mfr. Co.,* No. 99–4042, 2000 WL 147392 (10th Cir. Feb.4, 2000) (defendant "actively participated in the litigation and sought affirmative relief from the court" by filing cross-claims, thereby waiving personal jurisdiction defense). Accordingly, the court has no choice but to consider the defense waived and to deny Mr. Lanewala's motion to dismiss for lack of personal jurisdiction.[4]

### III. Cross–Motions for Summary Judgment and Mr. Lanewala's Motions to Supplement

ORI and Mr. Lanewala have both filed motions for summary judgment on all of ORI's claims. Mr. Lanewala has also filed four motions requesting leave to supple-

---

**4.** The court notes that Mr. Lanewala raised the issue of the court's jurisdiction in the Final Pretrial Order without objection by ORI (perhaps because the instant motion was then pending). While Mr. Lanewala does not argue that this assertion in the Final Pretrial Order revitalizes his personal jurisdiction defense, the court notes as an aside that such an argument would have been unavailing. While a pretrial order typically supercedes past pleadings, the waiver of the defense of lack of personal jurisdiction (unlike, for example, the waiver of the defense of res judicata) is absolute. See *Ramada Franchise Sys., Inc. v. Tresprop, Ltd.,* 75 F.Supp.2d 1205, 1214 (D.Kan.1999) (stating that the only defenses

that are irrevocably waived are those involving the core issue of a party's willingness to submit a dispute to judicial resolution, such as personal jurisdiction); Fed.R.Civ.P. 12(g) ("If a party makes a motion under this rule but omits therefrom any defense or objection then available to the party which this rule permits to be raised by motion, the party *shall not thereafter* make a motion based on the defense or objection so omitted.") (emphasis added); Wright & Miller, Fed. Practice and Procedure: Civil 2d § 1391 (if the defense of lack of personal jurisdiction is not raised in the defendant's initial motion it is *"permanently* lost") (emphasis added).

ment his motion for summary judgment. Before addressing the parties' substantive summary judgment arguments, therefore, the court will first determine whether Mr. Lanewala's summary judgment motion will be deemed to include the material which he seeks to add.

■ Mr. Lanewala's first two motions to supplement (Docs. 163 & 164)[5] seek to add as attachments to Mr. Lanewala's summary judgment motion his answers to ORI's interrogatories and requests for admissions. Mr. Lanewala states that he "in-advertently overlooked enclosing" these documents with his motion for summary judgment. ORI does not object to the addition of these two attachments. As noted by ORI, Mr. Lanewala filed his motions to add the attachments within the time set by the Scheduling Order for the filing of dispositive motions. Accordingly, the court grants Mr. Lanewala's first two motions to supplement his motion for summary judgment. The court will examine Mr. Lanewala's answers to ORI's interrogatories and requests for admissions when considering the merits of Mr. Lanewala's motion for summary judgment.

Mr. Lanewala's second two motions to supplement (Docs. 170 & 171)[6] seek to add a forum non conveniens argument to Mr. Lanewala's motion for summary judgment. These two motions were filed after the dispositive motion deadline, making them untimely. The court also notes that Mr. Lanewala's forum non conveniens argument has already been considered and rejected by the court. In the court's November 3, 2000 Memorandum and Order, the court held that Mr. Lanewala failed to assert his motion to dismiss for forum non conveniens "within a reasonable time after the facts and circumstances which serve as a basis for the motion ... developed and [became] reasonably knowable" to Mr. Lanewala, thus making the forum non conveniens argument untimely.[7] *ORI, Inc. v. Lanewala,* 2000 WL 1683659 at *2–3 (D.Kan. Nov.3, 2000) (citing *In re Air Crash Disaster Near New Orleans,* 821 F.2d 1147, 1165 (5th Cir.1987)). Accordingly, Mr. Lanewala's current motions to add a forum non conveniens argument to his motion for summary judgment are without merit, as well as untimely, and are denied. The court will not consider Mr. Lanewala's forum non conveniens argument when considering the merits of his motion for summary judgment.

Now equipped with a complete picture of the evidence and argument properly before it, the court is prepared to examine

---

5. The motions are substantively the same. Document 164 simply expands upon Mr. Lanewala's arguments in Document 163 (as if Document 164 were a memorandum in support of Document 163).

6. Again the two motions to supplement are substantively the same. Document 171 simply expands upon Mr. Lanewala's arguments in Document 170 (as if Document 171 were a memorandum in support of Document 170).

7. Mr. Lanewala attempts to raise the forum non conveniens argument a second time based on the statement in the court's November 3, 2000 Memorandum and Order that it "may have ... found a motion to dismiss for forum non conveniens timely had it been filed before the June 9, 2000 dispositive motion deadline." *ORI, Inc. v. Lanewala,* 2000 WL 1683659 at *3 (D.Kan. Nov.3, 2000). Mr. Lanewala points out that, following the court's November 3, 2000 Memorandum and Order, the court set a new dispositive motion deadline of March 30, 2001. See Doc. 146. This new deadline, however, does not cure Mr. Lanewala's defect of not raising the forum non conveniens argument within a reasonable time after the facts and circumstances cited by him in support of his argument became known to him. The court's point in its prior order was simply that the first dispositive motion deadline was an appropriate and somewhat generous cut-off point for Mr. Lanewala to have filed a motion on this basis.

the substance of the parties' motions for summary judgment. As discussed below, the court enters summary judgment in Mr. Lanewala's favor and dismisses ORI's complaint in its entirety.

### A. Summary Judgment Standard[8]

Summary judgment is appropriate if the moving party demonstrates that there is "no genuine issue as to any material fact" and that it is "entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). In applying this standard, the court views the evidence and all reasonable inferences therefrom in the light most favorable to the nonmoving party. *See Adler v. Wal–Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir.1998) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986)). A fact is "material" if, under the applicable substantive law, it is "essential to the proper disposition of the claim." *Id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)). An issue of fact is "genuine" if "there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way." *Id.* (citing *Anderson*, 477 U.S. at 248, 106 S.Ct. 2505).

The moving party bears the initial burden of demonstrating an absence of a genuine issue of material fact and entitlement to judgment as a matter of law. *Id.* at 670–71. In attempting to meet that standard, a movant that does not bear the ultimate burden of persuasion at trial need not negate the other party's claim; rather, the movant need simply point out to the court a lack of evidence for the other party on an essential element of that party's claim. *Id.* at 671 (citing *Celotex Corp. v.*

*Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)).

Once the movant has met this initial burden, the burden shifts to the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson,* 477 U.S. at 256, 106 S.Ct. 2505; *see Adler,* 144 F.3d at 671 n. 1 (concerning shifting burdens on summary judgment). The nonmoving party may not simply rest upon its pleadings to satisfy its burden. *Anderson,* 477 U.S. at 256, 106 S.Ct. 2505. Rather, the nonmoving party must "set forth specific facts that would be admissible in evidence in the event of trial from which a rational trier of fact could find for the nonmovant." *Adler,* 144 F.3d at 671. "To accomplish this, the facts must be identified by reference to affidavits, deposition transcripts, or specific exhibits incorporated therein." *Id.*

### B. Claims Arising From Mr. Lanewala's Alleged Solicitation of ORI's Employees

In the Pretrial Order, ORI claims that after resigning from ORI, Mr. Lanewala hired or attempted to hire a number of ORI employees, thereby causing significant damage to ORI:

> In violation of the Employment Contract, Defendant Lanewala has hired or attempted to hire numerous ORI employees who were employed with ORI during Defendant's employment.... Employees solicited caused damage to contractual relations between Plaintiff and it's customers and employees.

"As a direct result of Defendant Lanewala's breach of contract not to employ, solicit or seek to employ any person who was employed by ORI, Inc., ORI, Inc. has been

---

**8.** The legal standard for summary judgment does not change simply because the parties file cross-motions for summary judgment. Each party has the burden of establishing the lack of a genuine issue of material fact and

entitlement to judgment as a matter of law. *See Atlantic Richfield Co. v. Farm Credit Bank of Wichita,* 226 F.3d 1138, 1148 (10th Cir. 2000).

damaged to the extent that employees have left and it is now necessary to locate and train new employees to replace those lost employees in an amount, not yet liquidated, in excess of $75,000.00."

ORI moves for summary judgment on its claims arising from Mr. Lanewala's alleged solicitation of ORI employees on the ground that, according to ORI, the uncontroverted evidence demonstrates the establishment of each element of (1) breach of contract, (2) tortious interference with ORI's contractual relations with its employees, (3) tortious interference with ORI's prospective business advantage, and (4) tortious interference with ORI's business relationships. Mr. Lanewala moves for summary judgment on the ground that

ORI has no evidence that Mr. Lanewala hired or attempted to hire any ORI employee, an element vital to each of these four claims. As set forth below, the court does not adopt the argument of either party, but nonetheless enters summary judgment in favor of Mr. Lanewala because ORI has presented no evidence that it suffered damage as a result of Mr. Lanewala's actions.

▬▬ As discussed by ORI in its motion for summary judgment, to succeed on its breach of contract and tortious interference claims, ORI must demonstrate (among other things) that Mr. Lanewala solicited employees of ORI and that ORI was damaged as a result of Mr. Lanewala's actions.[9] *See* PIK–Civil 3d § 124.01–A

---

9. The parties do not specifically address the issue of the proper substantive law to be applied to ORI's claims, but overwhelmingly apply Kansas state law in support of their arguments. Given the facts and evidence before it, the court cannot say that the application of Kansas law would be improper.

A federal court sitting in diversity must apply the substantive law of the state in which it sits, including that state's choice of law rules. *See Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941). Thus, the court must look to Kansas law to determine which jurisdiction's laws should be applied to each claim.

As to ORI's breach of contract claim, the written employment contract under which ORI brings its claim contains an express choice of law provision whereby the parties' rights and obligations under the contract are to be construed "in accordance with the laws of the State of Kansas." Contract, ORI's Memo. in Supp. of Sum. Judg., Ex. A at ¶ 11–J. The court applies the forum state's rule regarding the enforceability of a choice of law provision in a contract. *See Equifax Servs., Inc. v. Hitz*, 905 F.2d 1355, 1360 (10th Cir. 1990). Kansas courts generally give effect to such provisions if the forum selected bears a reasonable relation to the contract at issue and if the parties freely entered into the choice of law agreement. *See National Equip. Rental, Ltd. v. Taylor*, 225 Kan. 58, 587 P.2d 870, 873 (1978). In this case, Mr. Lanewala denies having entered into the employ-

ment contract with ORI, thereby implicitly denying that the written choice of law provision was freely entered into. When Kansas courts do not give effect to choice of law provisions, they apply the law of the state where the contract was made. *See Simms v. Metropolitan Life Ins. Co.*, 9 Kan.App.2d 640, 685 P.2d 321, 324 (1984) (discussing the doctrine of lex loci contractus). The court is unable to determine from the facts and evidence before it, however, the location where the alleged employment contract was allegedly entered into. In light of the parties' failure to address this choice of law issue, and considering the fact that the parties apply Kansas law without suggesting that the law of a different jurisdiction should govern, the court applies Kansas law to ORI's breach of contract claim.

As to ORI's tortious interference claims, the Kansas Supreme Court has held that the law of the state where the tort occurs controls. *Ling v. Jan's Liquors*, 237 Kan. 629, 703 P.2d 731 (1985). Under this rule, the tort is deemed to have occurred where the wrong was felt. *Id.* Thus, when the wrong alleged is a financial harm, the court looks to the state in which the plaintiff felt the financial harm. *See Bushnell Corp. v. ITT Corp.*, 973 F.Supp. 1276, 1286 (D.Kan.1997); *Altrutech, Inc. v. Hopper Holmes, Inc.*, 6 F.Supp.2d 1269, 1276 (D.Kan.1998). Here, any financial injury suffered by ORI was felt in Kansas, the location of ORI's principal place of business. *Accord Bushnell*, 973 F.Supp. at 1286 (tortious inter-

(essential elements of breach of contract claim are: (1) the existence of a contract, (2) sufficient consideration, (3) the plaintiff's performance, (4) *the defendant's breach of the contract,* and (5) *damages to plaintiff caused by the breach.*) (emphasis added); *Reebles, Inc. v. Bank of America, N.A.,* 25 P.3d 871, (Kan.App.2001) ("The elements essential to recovery for tortious interference with a contract are: (1) the contract; (2) the wrongdoer's knowledge thereof; (3) his *intentional procurement of its breach;* (4) the absence of justification; and (5) *damages resulting therefrom.*") (emphasis added); *Burrowwood Assocs., Inc. v. Safelite Glass Corp.,* 18 Kan.App.2d 396, 400, 853 P.2d 1175, 1179 (1993) ("The elements of the tort of interference with a prospective business advantage or relationship are: (1) the existence of a business relationship or expectancy with the probability of future economic benefit to the plaintiff; (2) knowledge of the relationship or expectancy by the defendant; (3) that, *except for the conduct of the defendant,* plaintiff was reasonably certain to have continued the relationship or realized the expectancy; (4) intentional misconduct by defendant; and (5) *damages suffered by plaintiff as a direct or proximate result of defendant's misconduct.*") (emphasis added).

 Mr. Lanewala argues that he is entitled to the entry of summary judgment in his favor because ORI cannot meet the element of each claim requiring it to prove that Mr. Lanewala hired or attempted to hire ORI employees, or otherwise interfered with ORI's business. Mr. Lanewala notes that, of the five affidavits of ORI employees offered by ORI in support of its claims,[10] only the affidavit of Mr. Srinivas even remotely suggests that Mr. Lanewala attempted to hire him while he was an employee of ORI. The court has examined the affidavits and fully concurs with Mr. Lanewala's conclusion.[11] The affidavit of Mr. Srinivas, however, cannot simply be brushed aside as an anomaly. Mr. Srinivas testified that "On or about 15th of March, 1999, Mr. Yusuf Lanewala approached me and offered me a job/placement outside MCS. I had then declined such offer." This evidence clearly supports ORI's position that Mr. Lanewala breached the employment contract and interfered with ORI's business relationships and advantages by soliciting an employee of ORI.

---

ference claims governed by the law of the state in which plaintiff maintained its principal place of business). Accordingly, the parties correctly apply Kansas law to ORI's tortious interference claims.

10. ORI submitted the five affidavits with its original petition. The court notes that ORI submitted two additional affidavits with its motion for summary judgment which state that Mr. Lanewala solicited the employment of ORI employees, but these affidavits are inadmissable because the affiants lack personal knowledge of this subject, as discussed *infra* at pages 1079–80.

11. The court notes that, while the affidavits of Mr. Padmanabhan and Mr. Srinivas state that an MCS client "mentioned that … he was asked by Mr. Yusuf Lanewala whether [the client] would shift the business they have currently with MCS to a company that [Mr. Lanewala] proposed to form shortly," the statement of the client is hearsay and cannot be considered. *See Pastran v. K–Mart Corp.,* 210 F.3d 1201, 1204 (10th Cir.2000) (for purposes of summary judgment, although evidence need not be in a form that would be admissible at trial, the content or substance of the evidence must be admissible). ORI has not submitted an affidavit of the client himself, but rather the affidavits of individuals who heard the client speak. ORI clearly offers the client's statement to prove, in fact, that Mr. Lanewala solicited the client's business. The client's statement, therefore, constitutes hearsay. *See* Fed.R.Evid. 801(c) (defining hearsay).

Mr. Lanewala attempts to negate Mr. Srinivas's damaging testimony by submitting a new affidavit executed by Mr. Srinivas. In the more recent affidavit, Mr. Srinivas testified that his first affidavit "twisted" his statements and did "not represent the true facts." "In fact," Mr. Srinivas stated, "the question of offering any job to me by the said Mr. Yusuf Lanewala did not arise." While the second affidavit of Mr. Srinivas certainly puts into question whether Mr. Lanewala actually solicited Mr. Srinivas to leave his employment with MCS, summary judgment cannot be entered on this ground for that precise reason-facts material to Mr. Lanewala's argument (that ORI cannot prove this element of its claims) are now in question. Summary judgment is not appropriate where questions remain as to material facts.

■ While a question remains as to whether Mr. Lanewala attempted to hire ORI's employees, the court nonetheless finds that ORI's lack of evidence that it suffered damages as a result of any action allegedly taken by Mr. Lanewala warrants the entry of summary judgment against ORI.[12] As discussed above, damages suffered at the hands of the defendant is an element of each of ORI's tortious interference and breach of contract claims. ORI alleged in the Pretrial Order that "ORI, Inc. has been damaged to the extent that employees have left and it is now necessary to locate and train new employees to replace those lost employees" and that "[e]mployees solicited caused damage to contractual relations between Plaintiff and it's customers and employees." A careful examination of the record, however, reveals that ORI has presented no admissible evidence to support its allegation that ORI employees left employment with ORI when solicited by Mr. Lanewala. For example, even if the court takes as true Mr. Srinivas statement in his first affidavit that Mr. Lanewala approached him and offered him a job outside MCS, Mr. Srinivas went on to testify that he "declined such offer."

■ In its motion for summary judgment, ORI argues that the uncontroverted facts demonstrate that ORI was damaged by Mr. Lanewala's actions. In support of this argument, ORI relies on the affidavits of two of its officers. First, ORI submits the affidavit of Mr. Suresh Ram, President of ORI, stating very generally that Mr. Lanewala "hired" current employees of ORI. Second, ORI submits the affidavit of Mr. Robert Knight, the current Vice President of Finance and Chief Financial Officer of ORI and MCS, stating that Mr. Lanewala approached MCS employees assigned to provide computer programing services to a company in Oslo, Norway called Computer Sciences International AS ("CSI") and "enticed the Oslo consultants to leave and breach contractual obligation [sic] with ORI, Inc's subsidiary MCS." As a result of the enticement, Mr. Knight testified, Mr. Lanewala destroyed ORI's business opportunity and business relationship with CSI and caused ORI to lose profits that it would have received under the terms of the MCS contract with CSI.

While the statements of Mr. Ram and Mr. Knight appear to offer support for ORI's claims that Mr. Lanewala's actions caused it to suffer damage, the statements are actually of no value because they are inadmissable under Federal Rules of Evi-

12. The court may enter summary judgment sua sponte "when the following conditions are met: (1) there is no dispute of material fact; (2) the losing party has had an adequate opportunity to address the issues involved." *David v. City & County of Denver*, 101 F.3d 1344, 1359 (10th Cir.1996) (citing *Celotex v. Catrett*, 477 U.S. 317, 326, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)). In this case, there are no issues of material fact related to the damages element and ORI addressed the issue of damages-and even attempted to present evidence of its damages-in its own motion for summary judgment.

dence 701 and 602. Of course, if evidence is not admissible at trial, neither is it admissible in an affidavit or deposition used to support or resist the grant of summary judgment. *See* Fed.R.Civ.P. 56(e); *Pastran v. K–Mart Corp.*, 210 F.3d 1201, 1204 (10th Cir.2000).

■ Rule 701 provides, in pertinent part, that "[i]f the witness is not testifying as an expert, the witness' testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness...." Fed.R.Evid. 701 (2001). ORI points to no facts explaining how Mr. Ram or Mr. Knight learned of Mr. Lanewala's alleged solicitation of ORI employees. The officers do not contend to have witnessed, overheard, or otherwise personally experienced Mr. Lanewala "enticing" any ORI employee to breach his or her employment contract with ORI. Rather, the statements of the officers amount to nothing more than bald accusations. No evidence has been presented that any ORI employee left employment at Mr. Lanewala's suggestion.[13] Without such evidence, the generalizations of Mr. Ram and Mr. Knight about Mr. Lanewala's alleged solicitations are inadmissible. *Compare Gross v. Burggraf Const. Co.*, 53 F.3d 1531, 1544 (10th Cir.1995) (coworker's statement that supervisor "had a problem with women who were not between the ages of 19 and 25 and who weighed more than 115 pounds" inadmissible under Rule 701 because statement not based on coworker's personal knowledge of any statement the supervisor may have made about his preferences concerning a woman's appearance).

■ For the same reasons, the statements of Mr. Ram and Mr. Knight are inadmissible under Federal Rule of Evidence 602. Under this rule, a witness must have personal knowledge of a matter in order to testify about it. *See* Fed. R.Evid. 602. Testimony outside a witness' personal knowledge is not admissible. *See id.* While it is true that "personal knowledge" includes inferences and opinions, those inferences and opinions "must be grounded in observation or other first-hand personal experience. They must not be flights of fancy, speculations, hunches, intuitions, or rumors about matters remote from that experience." *PAS Communications, Inc. v. Sprint Corp.*, 139 F.Supp.2d 1149, 1181 (D.Kan.2001). As explained above, there is absolutely no evidence that the two officers had first-hand knowledge of Mr. Lanewala's alleged solicitation of ORI employees. Without such evidence, the officers' conclusory assertions, unsubstantiated with any specific facts, are inadmissible.

Because ORI has submitted no admissible evidence in support of the damage element of their claims, the court enters summary judgment in favor of Mr. Lanewala. ORI's claim of breach of contract, as well as its related tortious interference claims, are dismissed.

**C. Conversion Claim Arising From Mr. Lanewala's Alleged Retention of ORI Property**

■ The remaining claim alleged by ORI is that Mr. Lanewala failed to return certain company property upon his resignation from MCS, thereby making him liable for conversion of such property. Mr. Lanewala argues in his motion for summary judgment that ORI's conversion claim is barred under the doctrine of res

---

**13.** While Mr. Knight attached to his affidavit copies of the resignation letters submitted by the Oslo consultants, these letters each state that the consultant resigned "on account of personal reasons." They do not state that the consultants left employment with ORI at Mr. Lanewala's suggestion.

judicata by a suit litigated by the parties in Bombay, India. Res judicata, or claim preclusion, prevents parties or their privies from relitigating a claim that was or could have been raised in a previous action. *See Federated Dep't Stores, Inc. v. Moitie,* 452 U.S. 394, 398, 101 S.Ct. 2424, 69 L.Ed.2d 103 (1981). On September 8, 1999, Mr. Lanewala filed suit in the High Court of Judicature at Bombay, India, against MCS, Mr. Ram, and Mr. Padmanabhan. Mr. Lanewala sought to recover "dues" (past salary and benefits) allegedly owed to him by MCS. In addition, Mr. Lanewala asked the Indian court to enjoin the then-defendants from repossessing the items which are now the subject of ORI's conversion claim until such time that Mr. Lanewala's dues were recovered. *See* Bill of Particulars, *Lanewala v. MCS Software Solutions, Ltd., et al,* No. 5417 (Bombay H.C.1999). On November 17, 1999, the Indian court ordered the parties to simultaneously exchange the dues owed by MCS and the MCS property in the possession of Mr. Lanewala.[14] *See* Order, *Lanewala v. MCS Software Solutions, Ltd., et al,* No. 5417 (Bombay H.C.1999). Mr. Lanewala now argues that if ORI (by its subsidiary MCS) wished to bring a claim for conversion of the MCS property, it was compelled to do so in the Indian litigation. ORI does not address the merits of Mr. Lanewala's res judicata argument, but instead makes the conclusory assertion that the argument is "without merit, lacks factual support, and is not proper for a motion for summary judgment."[15] As conclu-

sory statements are insufficient to defeat a motion for summary judgment, the court could enter summary judgment in Mr. Lanewala's favor based on ORI's failure to adequately respond to his motion. *See Cole v. Ruidoso Mun. Schools,* 43 F.3d 1373, 1382 (10th Cir.1994). The court will go on, however, to address the merits of Mr. Lanewala's res judicata argument. The court concludes that the undisputed facts support a holding in favor of Mr. Lanewala–ORI's conversion claims are barred by the doctrine of res judicata.

The Tenth Circuit recently addressed the standards that apply when a party in a diversity action invokes the defense that a foreign court's judgment is res judicata to a claim. In *Phillips USA, Inc. v. Allflex USA, Inc.,* the defendant moved for summary judgment on res judicata grounds, alleging that the plaintiff had the opportunity to assert its tortious interference with contract claim in a prior action litigated by the parties in an Australian court. 77 F.3d 354 (10th Cir.1996). In analyzing the defendant's res judicata argument, the Circuit first determined that " 'it is state, not federal, law that governs the effect to be given foreign judgments.' " *Id.* at 359 (quoting Robert Casad, *Issue Preclusion and Foreign Country Judgments: Whose Law?,* 70 Iowa L.Rev. 53, 78 (1984)). Accordingly, the court stated that its task was to "determine whether Kansas would recognize an Australian judgment, and if so, whether it would preclude [the plaintiff's] claim.

---

**14.** The parties complied with the court's order by making the exchange on January 31, 2000.

**15.** ORI further asserts that Mr. Lanewala "has also previously failed to preserve res judicata as an affirmative defense and, therefore, it is inappropriate in his motion for summary judgment." This argument is without merit, however, as Mr. Lanewala present-

ed the res judicata issue in the Final Pretrial Order, which supersedes his previous pleadings. *See Adams v. Reliance Standard Life Ins. Co.,* 225 F.3d 1179, 1183 (10th Cir.2000) ("a pretrial order supersedes the pleadings"). In any event, the court is allowed to raise the issue of res judicata sua sponte when a party fails to do so. *See Fisher v. Balzer,* 1991 WL 86158, *4 (D.Kan. April 30, 1991); *Kratville v. Runyon,* 90 F.3d 195, 198 (7th Cir.1996).

*See id.*" Although no Kansas court had addressed whether Kansas recognizes Australian judgments, the Circuit noted that Kansas courts apply traditional principles of comity. Finding no indication in case law that Kansas would not recognize an Australian judgment, and noting that other courts have recognized Australian judgments, the court found that Kansas courts would recognize a valid Australian judgment. *Id.* at 359–60. Next, the *Phillips* court considered "whether this recognition would extend to finding that the Australian action forbids the instant suit under principles of claim preclusion or res judicata." *Id.* at 360. The court noted that Kansas courts generally apply the res judicata rules of a foreign forum when determining whether that forum's judgment has a res judicata effect. *Id.* (citing *Johnson Bros. Wholesale Liquor Co. v. Clemmons*, 233 Kan. 405, 661 P.2d 1242, 1245 (1983)). However, where the foreign forum's res judicata law is unavailable, the courts assume that the foreign forum's res judicata principles are similar to those of Kansas. *Phillips*, 77 F.3d at 360. Thus, as the record before the circuit reflected no showing as to Australian res judicata law, the court applied the Kansas law of res judicata. The court ultimately concluded that under Kansas res judicata principles, the Australian judgment barred the plaintiff's tortious interference with contract claim.

 The court finds the *Phillips'* analysis particularly applicable to Mr. Lanewala's instant res judicata argument. In this case the foreign judgment simply comes from an Indian court, rather than an Australian court. Following the steps taken by the Tenth Circuit, then, the court must first determine whether Kansas courts would recognize an Indian judgment. As no Kansas court had addressed whether Kansas recognizes Australian judgments, neither has a Kansas court addressed whether Kansas recognizes Indian judgments. The court finds, however, that Kansas comity principles and the recognition of Indian judgments by other courts, *see, e.g., New Central Jute Mills Co., Ltd. v. City Trade & Indus., Ltd.*, 65 Misc.2d 653, 318 N.Y.S.2d 980 (N.Y.Sup.Ct.1971); *Fertilizer Corp. v. IDI Mgmt., Inc.*, 517 F.Supp. 948 (S.D.Ohio 1981), would lead Kansas courts to recognize a valid Indian judgment. The court must next consider whether a Kansas court would conclude that the Indian judgment bars ORI from bringing its conversion claim under principles of claim preclusion. As in *Phillips*, the res judicata principles of the foreign forum are not before the court, requiring the court to apply the res judicata principles of Kansas law.

Under Kansas law, a claim is precluded when the following four conditions are satisfied: "(1) identity of the things sued for, (2) identity of the cause of action, (3) identity of the persons and parties to the action, and (4) identity in the quality of the persons for or against whom the claim is made." *In re Reed*, 236 Kan. 514, 519, 693 P.2d 1156, 1160–61 (1985). *See also, Carter v. City of Emporia*, 815 F.2d 617, 620 (10th Cir.1987). Finding each of these elements present in the instant action, the court concludes that ORI's conversion claim, which should have been brought as a compulsory counterclaim in the Indian lawsuit, is barred by the doctrine of res judicata.

As to the first element, the court finds that there is identity of the thing sued for-monetary damages. The monetary damages sought by ORI in its conversion claim are the same relief that would have been requested had ORI brought a counterclaim in the Indian suit. *See Puff 'N Stuff v. Federal Trust Bank*, 945 F.Supp. 1523 (M.D.Fl.1996) (finding "identity of the thing sued for" where the relief sought in the second suit "would certainly have been

requested" as part of the counterclaim that should have been brought in the first suit).

The second element of claim preclusion is identity of the cause of action. Kansas courts hold that a single cause of action exists when a plaintiff brings a claim that should have been asserted as a compulsory counterclaim in an earlier lawsuit brought by the defendant. *See United States Fidelity & Guaranty Co. v. Maish*, 21 Kan.App.2d 885, 897, 908 P.2d 1329, 1338 (1995). A counterclaim is compulsory "if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim." *Id.* at 1334 (citing K.S.A. 60–213(a)). *See also, Phillips*, 77 F.3d at 360–61 (holding that Kansas follows the transactional approach in answering the "identity of claims/cause of action question"). It is beyond dispute that ORI's conversion claim arose out of the same transaction or occurrence that was the subject matter of the lawsuit brought by Mr. Lanewala in India. Mr. Lanewala there sought an injunction against the taking of MCS property which he retained after resigning from employment with MCS. ORI here claims that Mr. Lanewala is liable for conversion by retaining the MCS property after resigning from employment with MCS. Thus, as ORI was compelled to assert the conversion claim in the Indian litigation, the court finds that a single cause of action exists.

The third element of res judicata requires that the parties in both suits are the same or in privity with one another. *See Wells v. Davis*, 226 Kan. 586, 589, 603 P.2d 180, 183 (1979). The interrelated fourth element requires that the parties in both suits are litigating in their same capacities, or, when the actions involve parties in privity, that the party to the first action directly represented the interests of the party to the second action. *See Carter v. City of Emporia*, 815 F.2d 617, 620 (10th Cir.1987); *Fisher v. Balzer*, No. 88–1716–T, 1991 WL 86158, *4 (D.Kan. April 30, 1991). These two elements clearly apply to Mr. Lanawala who has litigated in his individual capacity as an ex-employee in both the Indian suit and the instant suit. The court also finds that these final elements apply to ORI, despite the fact that Mr. Lanewala named MCS, ORI's wholly owned subsidiary, rather than ORI itself as a defendant in the Indian suit. As the evidence and pleadings submitted by ORI demonstrate, ORI has acted, and continues to act, as the alter ego of MCS with regard to its conversion claim, thus establishing that the two companies are in privity.

The existence of a "near alter ego" relationship between a parent corporation and its subsidiary establishes that the two are in privity. *Robinson v. Volkswagenwerk AG*, 56 F.3d 1268, 1275 (10th Cir.1995) (claim asserted by injured motorist against parent corporation of automobile manufacturer would be barred under doctrine of res judicata by previous suit between motorist and manufacturer if "near alter ego" relationship existed between parent and manufacturer, thereby establishing privity). Kansas courts will find the existence of an alter ego relationship where the totality of the circumstances shows that "separation of the two entities has not been maintained and injustice would occur to third parties if the separate entity were recognized." *Dean Operations, Inc. v. One Seventy Assocs.*, 257 Kan. 676, 682, 896 P.2d 1012, 1017 (1995). In bringing a conversion claim to recover for damage suffered when property owned or leased by MCS,[16] rather than ORI, was retained by Mr. Lanewala, ORI implicitly argues that MCS and ORI

---

16. See, for example, the leases of the Honda Automobile and Company flat listing MCS as the lessee. Exhibits 2 & 3, ORI's Memo. in Supp. of Sum. Judg.

should be viewed as one entity. Throughout its pleadings, ORI continuously interchanges the rights and actions of MCS with its own. For example, although Mr. Lanewala was the Chief Executive Officer of MCS, ORI alleges that he had an employment contract with ORI and that, "upon termination of his employment with ORI, Inc., Yusuf Lanewala was obligated by contract to return all company property in his possession." ORI then cites to a letter issued on MCS letterhead to support its statement that ORI requested Mr. Lanewala to return the property. The evidence before the court likewise indicates that ORI and MCS generally operate as one company. Mr. Knight asserts in his affidavit that he is the Vice President of Finance and Chief Financial Officer, as well as the custodian of all business records, of both ORI and MCS. Likewise, Mr. Maniar, Mr. Iyer, Mr. Shenoy, Mr. Padmanabhan, and Mr. Srinivas, each indicate by affidavit that they were either employed by both companies or that they do not know which of the companies they were employed by, as each states that he is "an employee of ORI, Inc. or its wholly owned subsidiary MCS Software Solutions Ltd." This evidence, as well as ORI's arguments, convince the court that an alter ego relationship exists between the two companies and that injustice would result to Mr. Lanewala if the court were to find them not in privity. As MCS thus represented the interests of its privy in the Indian lawsuit involving the repossession of the items now at issue in ORI's conversion claim, the court finds the third and fourth elements of res judicata met.

In conclusion, each of the four elements necessary for claim preclusion under Kansas law are present here. ORI's conversion claim, which should have been brought as a compulsory counterclaim in the lawsuit before the High Court of Bombay, is barred in this suit by the doctrine of res judicata. Thus, the court enters summary judgment on this claim, like the claims addressed earlier, in favor of Mr. Lanewala.

## IV. Mr. Lanewala's Motions to Amend the Pretrial Order

The final motions before the court are Mr. Lanewala's motion for leave to amend the Pretrial Order [17] (Doc. 187) and motion for additional time to file corrections to the Pretrial Order (Doc. 188). In light of the above rulings dismissing this case in its entirety, these motions are now moot.

**IT IS THEREFORE ORDERED** that Mr. Lanewala's motion to dismiss for lack of jurisdiction (Doc. 157) is denied; Mr. Lanewala's motions to supplement his motion for summary judgment with additional evidence (Docs. 163 & 164) are granted; Mr. Lanewala's motions to supplement his motion for summary judgment with a forum non conveniens argument (Docs. 170 & 171) are denied; Mr. Lanewala's motion for summary judgment (Doc. 161) is granted; ORI's motion for summary judgment (Doc. 167) is denied; and Mr. Lanewala's motion for leave to amend the Pretrial Order (Doc. 187) and motion for additional time to file corrections to the Pretrial Order (Doc. 188) are denied as moot.

**IT IS SO ORDERED.**

---

17. Mr. Lanewala seeks to amend the wording, rather than the substance, of the Pretrial Order.